A CERTIFIED TRUE COPY

OCT 21 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 25, 2005
S.D. OF N.Y.

RELEASED FOR PUBLICATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 21 2005

FILED
CLERK'S OFFICE

# DOCKET NO. 1714

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE RHODIA S.A. SECURITIES LITIGATION

*Bernard Cerles v. Rhodia S.A., et al.,* D. New Jersey, C.A. No. 2:05-2461
*Oppenheim Pramerica Asset Management S.A.R.L. v. Rhodia S.A., et al.,* S.D. New York, C.A. No. 1:05-5389

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

## TRANSFER ORDER

This litigation currently consists of one action each pending in the District of New Jersey and the Southern District of New York. Plaintiff in the latter action moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of New York.[1] Defendants[2] support the motion. No other party has responded.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions that share factual questions arising from alleged misrepresentations or omissions concerning the financial condition of Rhodia. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (including ones with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

Given the geographic dispersal of the parties and prospective witnesses, no district stands out as the focal point of this litigation. In concluding that the Southern District of New York is an appropriate forum for this docket, we observe that this district, where an action is already pending,

---

[1] The Panel has been notified of two additional actions pending in the District of New Jersey. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). Also, two other actions that were originally included in the Section 1407 motion have been dismissed. Panel consideration of those actions is thus moot.

[2] Rhodia, S.A. (Rhodia); Gilles Auffret; Pierre Prot; Jean-Pierre Tirouflet; Jean-Pierre Clamadieu; Rhodia, Inc.; Benefits Committee Rhodia Inc.; The Investment Committee of Rhodia's Board of Directors; Fidelity Management Trust Company; Diana Audette; John Donahue; Kristie W. Evans; Guy McCormick; Myron Galuskin; Blaise Halluitte; and Cheryl Staton.

- 2 -

provides an accessible, metropolitan location, the selection of which is not opposed by any responding party.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the District of New Jersey is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Deborah A. Batts for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman